BLD-017                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3803
_____

IN RE:  GERALD BUSH,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Action No. 2-16-cv-04022)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 20, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 16, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Gerald Bush, proceeding <u>pro</u> <u>se</u>, has filed a petition for a writ of mandamus

seeking review of an order of the United States District Court for the Eastern District of

Pennsylvania.  For the reasons that follow, we will deny the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bush filed a complaint against Mercy Hospital and CTT Community Treatment Team claiming negligence in connection with medical care provided to his relative. On August 1, 2016, the District Court granted Bush's motion to proceed in forma pauperis and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The District Court explained that Bush had filed an earlier complaint raising the same claims against the same defendants and that the complaint had been dismissed. Bush filed an appeal, which is pending in this Court. See C.A. No. 16-3348.

In his mandamus petition, Bush presents issues related to the dismissal of his complaint. Bush raises whether the District Judge had a constitutional duty to determine if Mercy Hospital and CTT Community Treatment Team were negligent, and whether the District Judge monitored the defendants' compliance with the disclosure requirements of Federal Rule of Civil Procedure 26.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. at 141.

Bush does not satisfy this standard. His mandamus petition seeks review of the dismissal of his complaint against Mercy Hospital and CTT Community Treatment

2

Team.  Because Bush can raise the issues presented in his appeal of the District Court's order, he has other adequate means to attain the desired relief.

Accordingly, we will deny the petition for a writ of mandamus.